11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Interest of DDT and BDT, children

No. 11-04-00022-CV -- Appeal from Howard County

 

In this adoption case, Brenda Lynette Jones sought
the adoption of DDT and BDT, children. 
The trial court heard the evidence and denied the petition for
adoption.  Because we find that the trial
court abused its discretion when it denied the petition for adoption, we
reverse and remand.

During the bench trial of this case, Jones, a
single person, testified that she was seeking to adopt DDT and BDT.  They are both boys.  The boys had lived in Jones=s home for 20 months.  She told the trial court that she had
participated in a home study, social study, criminal record check, and Aall those type of things.@ 
Jones has four other children. 
She testified that she knew the legal effect of the adoption and that
she felt that the adoption would be in the best interest of the children.  

Sherilyn Money, an adoption specialist for
Children=s Protective
Services, was in the courtroom.  The
trial judge told Jones=s
lawyer, Timothy J. Mason, that he wanted to hear Money testify.  Mason then called Money as a witness.  Money testified that she was familiar with
this case and that it had been going on for over one year.  Money prepared the home study in this case,
and she told the trial court that she felt like this was an appropriate
placement for DDT and BDT.  As far as
Jones=s other
four children, it was Money=s
opinion that the other four children were older and that Athey help with these younger
children.  It=s
a very calm household and very appropriate placement.@  During the 20 months that DDT and BDT had
been in the home, there had been no detriment to the children.  Money recommended that the trial court grant
the adoption.








The trial court then questioned Money about the
availability of couples who wanted to adopt children and the details
surrounding that situation.  The trial
judge commented on the record that it was his impression that there were Ajust lots and lots and lots of couples
waiting to adopt children,@
and that he was personally acquainted with couples who had paid as much as
$25,000 or $30,000 to Aadopt
a Russian child or Chinese child.@  The trial judge told Money that he was not Aarguing with [her] assessment that
Jones is an appropriate placement.@  However, the trial judge  Awonder[ed]
why these children cannot be placed in the home [of] a couple who are able to
meet the financial needs of these children.@  Money then told the trial court that the
children were hard to place children and that they had become Aattached by the time the termination
was done.  And it would be very difficult
to move them out of this home.@  The following exchange then occurred:

THE
COURT: Well, I understand that, I do understand.  It=s
probably too late to --

 

MONEY:
They=re very
happy. 

 

THE
COURT: Okay.  Mr. Mason, I=m going to grant the petition.

 

MASON:
I have an order if it please the Court. 
May I approach, Your Honor?

 

THE
COURT: All Right.

 

                             (Pause in the
Proceedings)[1]

 

THE
COURT: I take that back, Mr. Mason.  I=m withdrawing that.  I=m
not granting the adoption.  I=m going to spend some time with this
file and let you know.

 

There=s
a file in here from someone even suggesting that the adoption of the first four
children we=re
talking about was not appropriate.

 

I am denying this adoption at this moment.  Let me just say, so there will be no
misunderstanding, the Petition to Adopt is denied.  Okay?

 

MASON:
Yes, Your Honor.

 

                                (End of
Proceedings)

 

Jones brings a single issue on appeal.  In Jones=s
sole issue, she argues that the trial court erred when it denied the petition
because all of the evidence was uncontroverted and supported the adoption.      








Whether to grant an adoption is
a matter that is vested in the sound discretion of the trial court, and an
appellate court may not set aside that decision unless there is a clear abuse
of that discretion.  In the Interest
of W.E.R., 669 S.W.2d 716 (Tex.1984); Lide v. Lide, 116 S.W.3d 147,
151 (Tex.App. - El Paso 2003, no pet=n).  Further,
we may not substitute our judgment for that of the trial court.  In the Interest of W.E.R., supra.  We must affirm the judgment of the trial
court if it can be upheld on any available legal theory that is supported by
the evidence.  Point Lookout West,
Inc. v. Whorton, 742 S.W.2d 277 (Tex.1987). 
There is no abuse of discretion as long as the record contains some
evidence of a substantive and probative character which supports the trial
court=s decision.  Lide
v. Lide, supra at 153.  Furthermore,
an abuse of discretion does not occur when the trial court bases its decision
on conflicting evidence. Davis v. Huey, 571 S.W.2d 859, 862 (Tex.1978).

Courts of appeals employ a
hybrid standard of review in most appealable issues in family law cases because
standards of review pertaining to sufficiency of the evidence and abuse of
discretion overlap.  Jenkins v.
Jenkins, 16 S.W.3d 473 (Tex.App. - El Paso 2000, no pet=n); Lindsey v. Lindsey, 965 S.W.2d 589 (Tex.App. - El
Paso 1998, no pet=n).  The actual
application of the standard varies from court to court.  See Baker v. Peterson, No.
10-02-00113-CV, 2004 Tex.App. LEXIS 3245, at *6 n.1 (Waco 2004, no pet=n)(not designated for publication);  Echols v. Olivarez, 85 S.W.3d 475
(Tex.App. - Austin 2002, no pet=n); Jenkins v. Jenkins, supra.

Under the hybrid standard of
review, we will employ a two-pronged approach. The first question asks whether
there was sufficient information before the trial court upon which it could
base its decision.  The second question
asks whether the trial court erred in the application of its discretion.  Traditional sufficiency review standards are
not separate issues for appeal, but are wound up in and apply to the first
question.  Echols v. Olivarez, supra
at 477-78.  

In a legal sufficiency review,
we consider only the evidence and inferences tending to support the trial court=s finding, and we disregard all contrary evidence and
inferences.  Lide v. Lide, supra  at 151. 
In reviewing factual insufficiency points, we determine whether a
finding of fact is so against the great weight and preponderance of the
evidence as to be manifestly wrong.   In re King=s Estate, 244
S.W.2d 660 (Tex.1951).  In a factual
sufficiency review, we consider all of the evidence -- that which tends to
prove the existence of a vital fact, as well as any evidence which tends to
disprove the existence of the vital fact. 
In re King=s Estate, supra at 661.








After the first question has
been determined, the inquiry under the second prong of the hybrid review in
these cases is whether the trial court=s decision was arbitrary and unreasonable and made without
reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242
(Tex.1985), cert. den=d, 476 U.S. 1159 (1986); Lindsey
v. Lindsey, supra.   

Normally, where findings of fact and conclusions
of law are neither requested nor filed, it will be implied that the trial court
made all necessary findings to support its judgment.  Holt Atherton Industries, Inc. v. Heine,
835 S.W.2d 80, 83 (Tex.1992); In the Interest of W.E.R., supra; Lassiter
v. Bliss, 559 S.W.2d 353 (Tex.1977). 
We note that the oral statements made by the trial court are not
findings of fact.  In re Doe 10,
78 S.W.3d 338 (Tex.2002); In the Interest of W.E.R., supra.  Implied findings are not conclusive when
a reporter=s record
is included in the record on appeal.  Zac
Smith & Company, Inc. v. Otis Elevator Company, 734 S.W.2d 662, 666
(Tex.1987).             

Nothing in the 13-page clerk=s record or in the 11-page reporter=s record in this case supports the
trial court=s
decision.  All of the evidence of record
in the case was in support of Jones=s
petition for adoption of DDT and BDT.  
The implied findings of fact are not supported by any evidence of
substantive and probative character. 
Even if there were some evidence to support the implied findings, the implied
findings are against the great weight and preponderance of the evidence, as
outlined above; and the trial court abused its discretion when it denied the
petition for adoption. Jones=s
sole issue on appeal is sustained.

Jones had the burden of proof in this case.  Because we cannot say that she established
propositions contrary to the implied findings as a matter of law, we are not at
liberty to render a judgment in this case. 
While an intermediate appellate court cannot find facts, we can unfind
them and remand the case for a new trial. 
See, e.g., Herbert v. Herbert, 754 S.W.2d 141 (Tex.1988).  The trial court=s
judgment denying the adoption is set aside, and this cause is remanded to the
trial court for a new trial. 

 

JIM R. WRIGHT

JUSTICE

January 31, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]This is the notation placed in the reporter=s record by the court reporter.