TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00550-CV






Brian Lee Pope, Appellant


v.


Nancy Pope, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT

NO. C2004-503B, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Brian Lee Pope appeals two issues pertaining to the final decree of divorce from his
marriage to appellee Nancy Pope. Brian contends that the district court (i) erred in failing to issue 
findings of fact and conclusions of law and that he was harmed by this failure, and (ii) improperly
divested him of his separate property by awarding an RV park entirely to Nancy. Because we
hold that Brian was not harmed by the district court's failure to issue findings of fact and conclusions
of law and that the district court did not abuse its discretion in its property division, we affirm
the judgment.


BACKGROUND


 Brian and Nancy were married in 1995 and had one child born to the marriage. After
Nancy sued for divorce in May 2004, she and the child moved out of the marital residence and lived
at Bryan's Country RV Park, a business located in Guadalupe County that the parties had purchased
in January 2004 from Nancy's stepfather, E. K. Bryan. This property consisted of an 11.65-acre tract
of land on which the RV park was built and an additional adjoining 92-acre tract. Nancy had lived
on this property since she was twelve years old. She lived in a trailer home located on the park and
operated the park during the pendency of the divorce. Brian resided in the marital residence on
Bobolink Street in Comal County that he had bought prior to the marriage and from which he
operated a business, Laser Graphics.

 The parties agreed to temporary orders, but Nancy thereafter obtained a protective
order against Brian due to various harassing acts directed at Nancy and her tenants. After Nancy
filed for divorce, Brian's work history became sporadic, and he spent January 25 until April 11, 2006
in jail serving a sentence for assaulting a tenant at the RV park. Brian also violated and pleaded
guilty to violation of the protective order. The parties accused each other of various acts of
misconduct and reported each other to various authorities.

 Nancy paid Brian's mortgage payment from October 2005 until April 2006 to avoid
foreclosure of the house even though Brian was ordered to make the house payments under the
temporary orders. While Brian was in jail, Nancy did some work for Laser Graphics and received
payments which she gave Brian upon his release. Brian acknowledged at trial that Nancy had paid
the mortgage on the Bobolink residence beginning in October 2005 and that he had been held in
contempt for failure to pay child support. He claimed to work in 2004 but made no income.

 The trial of the divorce proceeded on May 15, 2006. The decree recites that
the divorce was "judicially pronounced and rendered in court at New Braunfels, Comal County,
Texas, on May 15, 2006 and further noted on the court's docket sheet on the same date, but signed
on June 19, 2006." In a motion for new trial, Brian complained that the division of the marital
property was manifestly unjust and that the value assigned to the realty awarded to Nancy, evidently
the RV park, was incorrect. A judgment in favor of an appraiser-intervenor was signed on July 19
and filed on August 15, 2006. Although Brian timely requested findings of fact and conclusions
of law and filed a notice of past due findings, the district court failed to file them. This
appeal followed.


DISCUSSION


Findings of fact and conclusions of law

 Brian first complains that the district court erred by failing to file findings of fact and
conclusions of law in response to his timely request. Under the Texas Family Code, in a suit for
dissolution of marriage in which the trial court has rendered a judgment dividing the estate of the
parties and upon a request by a party, the trial court shall state in writing its findings of fact and
conclusions of law. Tex. Fam. Code Ann. § 6.711(a) (West 2006). A request for findings and
conclusions under section 6.711 must conform to the Texas Rules of Civil Procedure. Id. § 6.711(b). 
The trial court's duty to make such findings is mandatory, and the failure to respond when requests
have been properly made is presumed harmful unless the record demonstrates that the complaining
party has suffered no injury. See Tex. R. Civ. P. 296; Tenery v. Tenery, 932 S.W.2d 29, 30
(Tex. 1996); Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989); Zeifman v.
Michels, 212 S.W.3d 582, 588 (Tex. App.--Austin 2006, pet. denied); Glass v. Williamson,
137 S.W.3d 114, 117-18 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Error is harmful if it
prevents an appellant from properly presenting a case on appeal. Tenery, 932 S.W.2d at 30.

 In Tenery, the supreme court found the trial court's failure to file findings of fact and
conclusions of law to be harmless as it related to the division of property because there was ample
evidence in the record to support the judgment. Id.; see also Goggins v. Leo, 849 S.W.2d 373, 379
(Tex. App.--Houston [14th Dist.] 1993, no pet.) (only one theory of recovery and the implied
findings necessary for recovery were supported by the evidence).

 Because Brian's request was timely, we must determine whether he was harmed by
the lack of findings and conclusions. Nancy argues that Brian does not have to guess the reasons
behind the district court's order pertaining to its property division, that he raises the issue now raised
on appeal for the first time and failed to raise it in the court below, and that there is ample evidence
in the record to dispose of the issue he now raises. Moreover, the district judge announced his
rulings and stated his reasons at the hearing. We agree.

 Although we discourage trial judges from failing to respond to timely requests for
findings, in this case the record clearly establishes the reasons underlying the district court's
decisions, and there is ample evidence to support the court's determination. (1) The record
affirmatively shows that Brian suffered no harm from the trial court's failure to issue findings of fact
and conclusions of law.



Property division

 Although the court awarded Brian the Bobolink home and the Laser Graphics
business, the RV park was awarded to Nancy. Brian's sole complaint about the division of property
pertains to the RV park which, he claims, was purchased partially with funds that were his separate
property and partially with "community credit." That this property was either separate property or
a "mixed character asset" is raised for the first time on appeal.

 The family code requires the trial court to divide the estate of the parties in a manner
that is just and right, having due regard for the rights of each party and their children, if any. 
Tex. Fam. Code Ann. § 7.001 (West 2006); see Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139
(Tex. 1977). We review property division issues for abuse of discretion. Schlueter v. Schlueter,
975 S.W.2d 584, 589 (Tex. 1998). The trial court has broad discretion in dividing the marital estate
at divorce. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). We must presume that the trial court
exercised it properly and may not alter the division unless the complaining party establishes a clear
abuse of the trial court's discretion. Id. A trial court abuses its discretion when it acts arbitrarily or
unreasonably and without reference to any guiding rules or principles. Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). Because a trial court has no discretion in determining what
the law is, which law governs, or how to apply the law, we review this category of discretionary
rulings de novo. Id. at 840. When we review a ruling that results from the trial court's having
resolved underlying facts, however, we must defer to the trial court's factual resolutions and any
credibility determinations that may have affected those resolutions, and we may not substitute our
judgment for that of the trial court in those matters. See id. at 839-40 (requiring deference to fact-based determinations).

 All property on hand at the dissolution of marriage is presumed to be community
property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). This is a rebuttable presumption, requiring
a spouse claiming assets as separate property to establish their separate character by clear and
convincing evidence. Id. § 3.003(a)-(b). Property owned before marriage, or acquired during
marriage by gift, devise or descent, is separate property. Id. § 3.001 (West 2006). Where an asset
is purchased during marriage with monies traceable to a spouse's separate estate, the asset may
appropriately be characterized as separate property. Pace v. Pace, 160 S.W.3d 706, 711
(Tex. App.--Dallas 2005, pet. denied).

 The only evidence at trial showed that the RV park was part of the community estate
of the parties. The only inventory admitted into evidence showed the RV park as part of the
community estate; Brian did not object to the exhibit or challenge its characterization. The parties
agree that the property was purchased from Nancy's stepfather in 2004 for $420,000, and that they
still owe $365,843. Nancy operated the RV park, and Brian testified that he did some work of an
unidentified nature on the property. Both parties sought award of the RV park. Brian objected to
the award of the RV park to Nancy not because it was separate or "mixed character" property but on
the ground that his daughter "ought to live in a real house" such as the Bobolink residence.

 Moreover, Brian did not raise this claim at trial or in his motion for new trial. 
Although he argued that the parties' down payment of $50,000 on the RV park was made with funds
from a home equity loan made against the Bobolink residence, which was his separate property, there
is no evidence in the record to support his contention. In discovery and at trial, Brian produced no
evidence relating to the "value and character of the separate and community estate." Even if this
issue is preserved, Brian did not establish by clear and convincing evidence that the RV park was
other than community property. We conclude the trial judge did not abuse his discretion in awarding
the RV park to Nancy.


CONCLUSION


 We hold that Brian was not harmed by the district court's failure to issue findings of
fact and conclusions of law and that the district court did not abuse its discretion in awarding the RV
park to Nancy. Having overruled Brian's issues, we affirm the judgment.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 30, 2007

1. We emphasize that oral determinations from the bench are not substitutes for written
findings of fact and conclusions of law. See In re Doe, 78 S.W.3d 338, 340 n.2 (Tex. 2002);
Narvaez v. Maldonado, 127 S.W.3d 313, 316 n.1 (Tex. App.--Austin 2004, no pet.). We rely on
these oral pronouncements solely for the purpose of conducting our harm analysis.