# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00550-CV

**Brian Lee Pope, Appellant**

**v.**

**Nancy Pope, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2004-503B, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Upon consideration of appellant's motion for rehearing and motion for rehearing en banc, we overrule the motions; however, we withdraw our opinion and judgment dated May 30, 2007, and substitute the following.

Brian Lee Pope appeals two issues pertaining to the final decree of divorce from his marriage to appellee Nancy Pope. Brian contends that the district court (i) erred in failing to issue findings of fact and conclusions of law and that he was harmed by this failure, and (ii) improperly divested him of his separate property by awarding an RV park entirely to Nancy. Because we hold that Brian was not harmed by the district court's failure to issue findings of fact and

conclusions of law and that the district court did not abuse its discretion in its property division, we affirm the judgment.

## BACKGROUND

Brian and Nancy were married in 1995 and had one child born to the marriage. After Nancy sued for divorce in May 2004, she and the child moved out of the marital residence and lived at Bryan's Country RV Park, a business located in Guadalupe County that the parties had purchased in January 2004 from Nancy's stepfather, E. K. Bryan. This property consisted of an 11.65-acre tract of land on which the RV park was built and an additional adjoining 92-acre tract. Nancy had lived on this property since she was twelve years old. She lived in a trailer home located on the park and operated the park during the pendency of the divorce. Brian resided in the marital residence on Bobolink Street in Comal County that he had bought prior to the marriage and from which he operated a business, Laser Graphics.

The parties agreed to temporary orders, but Nancy thereafter obtained a protective order against Brian due to various harassing acts directed at Nancy and her tenants. After Nancy filed for divorce, Brian's work history became sporadic, and he spent January 25 until April 11, 2006 in jail serving a sentence for assaulting a tenant at the RV park. Brian also violated and pleaded guilty to violation of the protective order. The parties accused each other of various acts of misconduct and reported each other to various authorities.

Nancy paid Brian's mortgage payment from October 2005 until April 2006 to avoid foreclosure of the house even though Brian was ordered to make the house payments under the temporary orders. While Brian was in jail, Nancy did some work for Laser Graphics and received

2

payments which she gave Brian upon his release. Brian acknowledged at trial that Nancy had paid the mortgage on the Bobolink residence beginning in October 2005 and that he had been held in contempt for failure to pay child support. He claimed to work in 2004 but made no income.

The trial of the divorce proceeded on May 15, 2006. The decree recites that the divorce was "judicially pronounced and rendered in court at New Braunfels, Comal County, Texas, on May 15, 2006 and further noted on the court's docket sheet on the same date, but signed on June 19, 2006." In a motion for new trial, Brian complained that the division of the marital property was manifestly unjust and that the value assigned to the realty awarded to Nancy, evidently the RV park, was incorrect. A judgment in favor of an appraiser-intervenor was signed on July 19 and filed on August 15, 2006. Although Brian timely requested findings of fact and conclusions of law and filed a notice of past due findings, the district court failed to file them. This appeal followed.

## DISCUSSION

*Findings of fact and conclusions of law*

Brian first complains that the district court erred by failing to file findings of fact and conclusions of law in response to his timely request. Under the Texas Family Code, in a suit for dissolution of marriage in which the trial court has rendered a judgment dividing the estate of the parties and upon a request by a party, the trial court shall state in writing its findings of fact and conclusions of law. Tex. Fam. Code Ann. § 6.711(a) (West 2006). A request for findings and conclusions under section 6.711 must conform to the Texas Rules of Civil Procedure. *Id.* § 6.711(b). The trial court's duty to make such findings is mandatory, and the failure to respond when requests

3

have been properly made is presumed harmful unless the record demonstrates that the complaining party has suffered no injury. *See* Tex. R. Civ. P. 296; *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied); *Glass v. Williamson*, 137 S.W.3d 114, 117-18 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Error is harmful if it prevents an appellant from properly presenting a case on appeal. *Tenery*, 932 S.W.2d at 30.

In *Tenery*, the supreme court found the trial court's failure to file findings of fact and conclusions of law to be harmless as it related to the division of property because there was ample evidence in the record to support the judgment. *Id.*; *see also Goggins v. Leo*, 849 S.W.2d 373, 379 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (only one theory of recovery and the implied findings necessary for recovery were supported by the evidence).

Because Brian's request was timely, we must determine whether he was harmed by the lack of findings and conclusions. Nancy argues that Brian does not have to guess the reasons behind the district court's order pertaining to its property division, that he raises the issue now raised on appeal for the first time and failed to raise it in the court below, and that there is ample evidence in the record to dispose of the issue he now raises. Moreover, the district judge announced his rulings and stated his reasons at the hearing. We agree.

Although we discourage trial judges from failing to respond to timely requests for findings, in this case the record clearly establishes the reasons underlying the district court's decisions, and there is ample evidence to support the court's determination.[1] The record

---

[1] We emphasize that oral determinations from the bench are not substitutes for written findings of fact and conclusions of law. *See In re Doe*, 78 S.W.3d 338, 340 n.2 (Tex. 2002);

4

affirmatively shows that Brian suffered no harm from the trial court's failure to issue findings of fact and conclusions of law.

### *Property division*

Although the court awarded Brian the Bobolink home and the Laser Graphics business, the RV park was awarded to Nancy. Brian's sole complaint about the division of property pertains to the RV park which, he claims, was purchased partially with funds that were his separate property and partially with "community credit." That this property was either separate property or a "mixed character asset" is raised for the first time on appeal.

The family code requires the trial court to divide the estate of the parties in a manner that is just and right, having due regard for the rights of each party and their children, if any. Tex. Fam. Code Ann. § 7.001 (West 2006); *see Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex. 1977). We review property division issues for abuse of discretion. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). The trial court has broad discretion in dividing the marital estate at divorce. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We must presume that the trial court exercised it properly and may not alter the division unless the complaining party establishes a clear abuse of the trial court's discretion. *Id*. A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). Because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law, we review this category

---

*Narvaez v. Maldonado*, 127 S.W.3d 313, 316 n.1 (Tex. App.—Austin 2004, no pet.). We rely on these oral pronouncements solely for the purpose of conducting our harm analysis.

of discretionary rulings *de novo*. *Id*. at 840. When we review a ruling that results from the trial court's having resolved underlying facts, however, we must defer to the trial court's factual resolutions and any credibility determinations that may have affected those resolutions, and we may not substitute our judgment for that of the trial court in those matters. *See id*. at 839-40 (requiring deference to fact-based determinations).

All property on hand at the dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). This is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish their separate character by clear and convincing evidence. *Id.* § 3.003(a)-(b). Property owned before marriage, or acquired during marriage by gift, devise or descent, is separate property. *Id.* § 3.001 (West 2006). Where an asset is purchased during marriage with monies traceable to a spouse's separate estate, the asset may appropriately be characterized as separate property. *Pace v. Pace*, 160 S.W.3d 706, 711 (Tex. App.—Dallas 2005, pet. denied).

The only evidence at trial showed that the RV park was part of the community estate of the parties. The only inventory admitted into evidence showed the RV park as part of the community estate; Brian did not object to the exhibit or challenge its characterization. The parties agree that the property was purchased from Nancy's stepfather in 2004 for $420,000, and that they still owe $365,843. Nancy operated the RV park, and Brian testified that he did some work of an unidentified nature on the property. Both parties sought award of the RV park. Brian objected to the award of the RV park to Nancy not because it was separate or "mixed character" property but on the ground that his daughter "ought to live in a real house" such as the Bobolink residence.

6

On rehearing, Brian urges that the trial court and this Court in its original opinion erred in denying him his separate property "when the parties stipulated that the property was Appellant's separate property."[2] The parties agree—and Nancy testified—that the Bobolink home was acquired by Brian shortly before their marriage, the debt on the Bobolink house was paid with community funds, and that, after their marriage, a home equity loan of $91,000 was made against the home with $50,000 from the loan used as a down payment on the RV park purchased by the parties and the remainder used for operating expenses of the park. At the time of trial, the parties owed $88,000 on the home equity note. Because the original loan on the house was paid for during the marriage with community funds, Nancy sought an economic contribution to the community estate of $109,000.[3] In addition to awarding Nancy the RV park, the court ordered Nancy to pay off the $88,000 home equity note that had funded the initial purchase of the park. The court then awarded the Bobolink house free of the home equity debt. The court concluded that two loans incurred by Brian after the couple's separation would be Brian's liabilities.

That the Bobolink house was acquired before their marriage does not convert the RV park into his separate property. Based on the evidence (i) that the couple acquired community debt on the house to then acquire the RV park with community credit, (ii) that community property

---

[2] Because Brian's citations to the record are to testimony and there are no formal stipulations concerning the subject of this testimony, we assume the reference to stipulations is to the parties' uncontroverted testimony that the Bobolink house was acquired by Brian before the marriage. Likewise, Brian does not dispute that the original debt on the Bobolink house was paid with community funds.

[3] Payments made out of the community estate for the benefit of a separate estate, either to pay off a debt of the separate estate or to make improvements, give rise to a claim for reimbursement. *Penick v. Penick*, 783 S.W.2d 194, 196 (Tex. 1988).

7

was used to make payments on Brian's separate property, and (iii) that Brian failed to adduce any proof that any portion of the RV park was paid for with funds that can be traced to his separate property rather than the couple's community credit or that there was any intent to repay the park note with his separate property, we conclude that the trial court did not err or abuse its discretion in finding that the park was community property, and awarding the park and notes on the park and Bobolink house to Nancy and the Bobolink house free of home equity debt to Brian.

## CONCLUSION

We hold that Brian was not harmed by the district court's failure to issue findings of fact and conclusions of law and that the district court did not abuse its discretion in awarding the RV park to Nancy. Having overruled Brian's issues, we affirm the judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed on Motion for Rehearing

Filed: July 12, 2007

8