

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00367-CV

———————————————

IN THE INTEREST OF Q.M., A CHILD

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-107863-18

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

The Texas Department of Family and Protective Services challenges the denial of its petition to terminate Father's parental rights. In its sole issue, the Department says the evidence conclusively and overwhelmingly establishes a statutory ground for termination under Section 161.001 of the Family Code, and the evidence is therefore legally and factually insufficient to support the denial of termination.

But the Department does not address the trial court's implied finding that termination was not in the child's best interest. That finding would, by itself and independent of any statutory ground, support the denial of termination. Because the Department has not addressed all possible bases for the judgment, we affirm.

## I.    BACKGROUND

Q.M.'s entry into this world was not an easy one. After a premature birth, Q.M. tested positive for opiates and went through severe withdrawal. Mother admitted to using cocaine, marijuana, and heroin throughout her pregnancy. Mother believed that her off-and-on boyfriend, Father, might be Q.M.'s biological parent, but Father was unsure. Father had a criminal record for drug possession, was unemployed, and told caseworkers that he did not believe he would be able to care for Q.M. financially. Father also tested positive for marijuana early on in the case. The Department filed a petition to terminate Mother's and Father's parental rights the month after Q.M.'s birth. The trial court named the Department as Q.M.'s temporary managing conservator, and the Department placed her in a foster home.

As the case progressed, Mother failed to appear at multiple hearings and eventually executed an affidavit relinquishing her parental rights. But after a DNA test confirmed his parenthood, Father sought the return of Q.M. The court ordered Father to engage in a service plan designed to improve his fitness as a parent. The Department ultimately went to trial to terminate Father's parental rights under the theory that he had not lived up to and completed the service plan.

At trial, the Department's witnesses agreed that Father had taken several positive steps pursuant to the service plan. Among the more notable improvements, Father obtained a job working upwards of forty hours per week, took multiple drug tests showing that he was maintaining sobriety, rearranged and cleaned his home to make it more suitable for Q.M., and attended twenty-eight weekly visitations during which, caseworkers agreed, Father cared for and nurtured Q.M. However, the Department's witnesses also testified concerning Father's shortcomings under the plan, which ranged from lesser areas of noncompliance (such as his failure to attend certain parenting classes) to one major error: allowing Mother to attend a visitation while she was intoxicated.

Following the close of the evidence, the trial court granted termination as to Mother and denied termination as to Father. The Department appeals the denial of termination as to Father.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A parent's rights to the companionship, care, custody, and management of his or her children are constitutional interests far more precious than any property right. *In re A.C.*, 560 S.W.3d 624, 629–30 (Tex. 2018) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982)).  In a termination case, the State seeks not just to limit parental rights but to erase them permanently—to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except the child's right to inherit.[1] *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *In re A.B.*, 412 S.W.3d 588, 591 (Tex. App.—Fort Worth 2013) (en banc) (per curiam), *aff'd*, 437 S.W.3d 498 (Tex. 2014).

Because of these "irrevocable consequences," due process mandates a clear and convincing evidence standard of proof.  *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019) (per curiam).  The Texas Family Code allows for involuntary termination of parental rights if the State shows by clear and convincing evidence that a parent engaged in an enumerated ground for termination and that termination is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001(b); *In re C.W.*, 586 S.W.3d 405, 406 (Tex. 2019) (per curiam).

---

[1]"Unsurprisingly, parental-termination cases have been described as the death penalty cases of civil law." *In re C.M.J.*, 573 S.W.3d 404, 410 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (internal quotation marks omitted); *see In re A.M.*, No. 18-0905, 2019 WL 5275657, at *1 (Tex. Oct. 18, 2019) (Blacklock, J., concurring in denial of pet.) (citing *In re K.M.L.*, 443 S.W.3d 101, 121 (Tex. 2014) (Lehrmann, J., concurring)).

The high evidentiary burden at trial "also warrants a heightened standard of review" on appeal. *N.G.*, 577 S.W.3d at 235. When a party attacks the legal sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *In re E.J.R.*, 503 S.W.3d 536, 541 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (quoting *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam)); *In re A.L.D.H.*, 373 S.W.3d 187, 192 (Tex. App.—Amarillo 2012, pet. denied). We review the entire record in the light most favorable to the finding, assuming that the trier of fact resolved disputed facts in favor of its finding if a reasonable factfinder could do so. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). We will sustain such a legal sufficiency challenge and reverse an adverse finding only if as a matter of law, the evidence conclusively establishes the "contrary proposition" to the finding. *In re M.I.A.*, No. 04-19-00227-CV, 2019 WL 5030241, at *3 (Tex. App.—San Antonio Oct. 9, 2019, no pet.). "In other words, [the Department] must conclusively establish that any reasonable trier of fact would have unavoidably formed a firm belief that Father had committed an act listed in section 161.001 and that termination was in the best interest of the child." *Id.* (citing *E.J.R.*, 503 S.W.3d at 541 n.3).

Normally, when an appellant attacks the factual sufficiency of the evidence supporting the factfinder's adverse resolution of an issue on which he had the burden of proof at trial, he must show that the finding was against the great weight and preponderance of the evidence. *Id.* (citing *Dow Chem.*, 46 S.W.3d at 242). In termination

5

cases, the standard is heightened: we review the entire record and determine whether the trial court's failure to form a firm conviction or belief that a parent's rights must be terminated is "contrary to the overwhelming weight of the evidence and clearly wrong." *Id.* In conducting this review, we may not gainsay the trial court's weighing of the evidence, and we must defer to the trial court's credibility determinations so long as they are not unreasonable. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). "We examine the record in this case in light of the high evidentiary burden that [the Department] bore and our required appellate deference to the trial court's decision that the evidence did not meet it." *M.I.A.*, 2019 WL 5030241, at *3 (quoting *E.J.R.*, 503 S.W.3d at 542).

### III. UNCHALLENGED BEST INTEREST FINDING SUPPORTS THE JUDGMENT

In its sole issue, the Department brings a legal and factual sufficiency challenge against the trial court's denial of termination. According to the Department, the evidence is legally insufficient because the Department conclusively proved at trial that Father did not complete his service plan, and any reasonable factfinder would have therefore ordered termination under Subsection O of the termination statute. As to factual insufficiency, the Department argues that the trial court's implied finding concerning Subsection O was against the overwhelming weight of the evidence and clearly wrong. However, the State does not challenge the evidence or the trial court's implied findings as they relate to the other element that the Department was required to prove in the trial court: the child's best interest.

When no findings of fact or conclusions of law are filed following a bench trial, the trial court's judgment implies all findings necessary to support it. *In re K.W.*, 138 S.W.3d 420, 425 (Tex. App.—Fort Worth 2004, pet. denied). When a reporter's record is filed, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Id.* Where such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings. *Id.* at 426.

The trial court's written judgment simply stated that as to Father, "The Court denied the Department's petition for termination." Ordinarily, for purposes of implied findings, we might interpret such a judgment as either an implicit rejection of the State's statutory ground for termination under Subsection O or an implied finding that termination was not in the child's best interest.

However, the State argues that based on the trial court's remarks at trial, we should hold that the trial court impliedly found one, but not the other. During the final stages of trial, the trial court quizzed the Department about the logical underpinnings of its statutory ground for termination. The questions grew into a debate, during which the trial court expressed its view that there was a flaw in the Department's ground: that Father had inadequate time to comply with the service plan. The Department observes that during this exchange, the trial court did not mention Q.M.'s best interest. Shortly after the debate ended, the trial court denied termination as to Father without orally pronouncing any findings of fact or conclusions of law. The Department insists that

7

because the trial court only commented on the statutory ground—and not best interest—in the lead-up to its pronouncement, the trial court impliedly found against the Department only on the statutory ground, and the trial court did not reach the question of best interest. Therefore, the Department takes the position that in order to prevail on appeal, it need only challenge the trial court's implied rejection of the statutory ground, and we should remand for a hearing on the unaddressed subject of the child's best interest.

Our supreme court rejected a similar argument in *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per curiam). There, a trial court denied an adoption, and it did not render findings of fact or conclusions of law. *Id.* Nonetheless, the court of appeals held "that comments made by the trial judge at the conclusion of the adoption hearing amounted to a finding that the adoption was denied for the sole reason that the petitioner was a single man." *Id.* The court of appeals held that this reasoning was objectionable, and it reversed the denial of adoption. *Id.* In reversing the court of appeals, the supreme court held that it was not permissible to use a judge's remarks at trial to limit what may be implied from the judgment. *Id.* "The court of appeals was not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law." *Id.* "The judgment of the court of appeals conflicts with many decisions of this court which hold that in the absence of findings and conclusions, the judgment of the trial court

8

implies all necessary fact findings in support of the judgment." *Id.* at 717; *see also In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002) (reaffirming *W.E.R.*'s reasoning).

The rule of *W.E.R.* governs here. The debate between the trial court and the Department was not a conversational series of findings of fact and conclusions of law, and the reasoning that the trial court expressed during that debate does not limit the scope of what may be implied from the judgment.[2] We imply "*all* findings" necessary to support the judgment, not merely the ones that are most convenient for attack on appeal. *See W.E.R.*, 669 S.W.2d at 717 (emphasis added). Thus, the trial court impliedly made two findings with one stone: it determined that neither statutory grounds nor best interest were satisfactorily proven.

To prevail on its legal sufficiency challenge, then, the Department must conclusively establish that any reasonable trier of fact would have unavoidably formed a firm belief that Father had committed an act listed in Section 161.001 *and* that termination was in the best interest of the child. *M.I.A.*, 2019 WL 5030241, at *3 (citing *E.J.R.*, 503 S.W.3d at 541). Similarly, to succeed on a factual sufficiency challenge, the Department must establish that the trial court's implied findings on the statutory

---

[2]Moreover, the Department does not mention another exchange near the end of trial, during which the trial court thoughtfully questioned whether the Department's concerns about Father were "subjective," unrelated to any real threat of "abuse or neglect" to Q.M., based predominately on Father's financial status, and beyond the Department's limited mandate. The Department does not argue that these questions have bearing on the trial court's implied findings.

9

ground *and* best interest were contrary to the overwhelming weight of the evidence and clearly wrong. *See id.*

But in its brief, the Department only discusses whether Father committed a prohibited act; it does not argue that best interest was proved conclusively or by the overwhelming weight of the evidence. The implied finding that termination was not in Q.M.'s best interest would, by itself, warrant a denial of termination. "When, as here, an appellant does not challenge an independent ground that may, under the record presented, support the judgment that appellant seeks to reverse, this Court may not address either the challenged grounds or the unchallenged ground and has no choice but to overrule the challenges that the appellant has chosen to assert." *In re K.A.*, No. 02-19-00099-CV, 2019 WL 4309168, at *11 (Tex. App.—Fort Worth Sept. 12, 2019, pet. denied) (mem. op.); *In re M.C.D.*, No. 02-13-00061-CV, 2013 WL 3771338, at *5 (Tex. App.—Fort Worth July 18, 2013, pet. denied) (per curiam) (mem. op.); *In re J.P.*, No. 02-10-00448-CV, 2012 WL 579481, at *3 (Tex. App.—Fort Worth Feb. 23, 2012, no pet.) (mem. op. on reh'g). Because the Department has not challenged an independent basis—the implied finding on best interest—that supports the trial court's judgment, we must overrule the Department's challenge concerning the statutory ground for termination. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

We overrule the Department's sole issue.[3]

## IV.   CONCLUSION

We affirm the trial court's judgment denying termination of Father's parental rights.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  February 20, 2020

---

[3]The attorney ad litem for Q.M. also filed a notice of appeal, though she adopted the Department's brief in all respects.  We overrule her sole appellate issue for the same reasons that we overrule the Department's issue.