Wilbur Lane TENERY, Petitioner,

v.

Gloria TENERY, Respondent.

No. 96–0216.

Supreme Court of Texas.

June 28, 1996.

Rehearing Overruled Nov. 15, 1996.

Roger D. Bellows, Three Rivers, for Petitioner.

Sharon Trigo, Laredo, for Respondent.

## OPINION

PER CURIAM.

In this divorce case, the trial court refused three requests to make findings of fact and conclusions of law about the division of a marital estate and the amount of child support. The court of appeals held that the trial court's refusal was not harmful error. —— S.W.2d ——, ——, 1995 WL 714203. We affirm in part and reverse in part.

The trial court awarded Gloria Tenery a disproportionate amount of the marital estate. It also ordered her husband, Wilbur, to pay $550 per month in child support for the care of one minor child. At the time of trial, Wilbur was collecting $980 per month in unemployment benefits. After the trial, Wilbur filed a timely request for findings of fact and conclusions of law under Texas Rule of Civil Procedure 296.[1] Wilbur later submitted a notice of past due findings and conclusions and requested additional or amended

---

1. "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." Tex.R.Civ.P. 296.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

findings and conclusions. *See* TEX.R.CIV.P. 297–98.

▉▉▉ The court of appeals correctly held that Wilbur was not harmed by the trial court's failure to make findings of fact and conclusions of law about the division of the marital estate because there was ample evidence in the record to support the judgment. —— S.W.2d at ——. The trial court has wide latitude to divide the marital estate "in a manner that the court deems just and right." TEX.FAM.CODE § 3.63; *see also Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981). Here, the record contains evidence that Wilbur had more earning capacity than Gloria, that he was at fault for the breakup of the marriage, and that Gloria would have been the one to benefit financially if the marriage continued. This evidence supports the trial court's decision to award Gloria a disproportionate amount of the marital estate. A trial court's failure to make findings is not harmful error if "the record before the appellate court affirmatively shows that the complaining party suffered no injury." *Cherne Indus. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989).

▉▉▉ The court of appeals erred, however, when it held that Wilbur was not harmed by the trial court's failure to make findings of fact and conclusions of law about the amount of child support payments. —— S.W.2d at ——. The Family Code guides the calculation of child support and bases that calculation on a percentage of monthly resources. *See* TEX.FAM.CODE § 154.125. Under the Family Code, resources include wage and salary income, interest income, self-employment income, net rental income, and all other income actually being received. *Id.* § 154.062(b). If the trial court uses factors other than net resources in determining the amount of child support, the Family Code specifies the findings the trial court must make. *Id.* § 154.130.

The record reveals that at the time of trial Wilbur's net resources were limited to $980 per month. Section 154.125 would require Wilbur, who was supporting one minor child, to pay $196 per month. The trial court ordered Wilbur to pay Gloria $550 per month. In his request for additional or amended findings, Wilbur asked for findings explaining why the amount of child support per month ordered by the court varied from the amount computed under section 154.125 guidelines. The trial court has the discretion to deviate from the guidelines and consider other factors. *Id.* § 154.123. But if a trial court deviates, as it did here, it must, upon request, make written findings of fact and conclusions of law. *Id.* § 154.130(a)(3); *see also Chamberlain v. Chamberlain,* 788 S.W.2d 455, 455 (Tex.App.—Houston 1990, writ denied) (holding that the language in the Family Code is mandatory and that the trial court's failure to make written findings upon request was reversible error).

▉▉▉ Under Texas Rule of Civil Procedure 296, harm to the complaining party is presumed unless the contrary appears on the face of the record when the party makes a proper and timely request for findings and the trial court fails to comply. *Cherne,* 763 S.W.2d at 772 (citing *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 120 (1944)). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. TEX.R.APP. P. 81(b). In this case, the trial court's refusal to abide by the Family Code's child support provisions prevented Wilbur from effectively contesting the trial court's deviation from the guidelines in section 154.125.

Accordingly, under Texas Rule of Appellate Procedure 170 and without hearing oral argument, the Court grants the application for writ of error, reverses the portion of the judgment of the court of appeals that concerns child support, and remands this cause to the court of appeals with instructions for it to direct the trial court to correct its error under Texas Rule of Appellate Procedure 81(a).