Wilbur Lane TENERY, Appellant,

v.

Gloria TENERY, Appellee.

No. 04–95–00047–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 6, 1997.

Rehearing Overruled Nov. 6, 1997.

**338**

R.D. Bellows, R.D. Bellows Law Office, Three Rivers, for Appellant.

Sharon Trigo, Laredo, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

The supreme court, in an opinion delivered June 28, 1996, reversed and remanded, in part, our original opinion delivered on December 6, 1995. Upon further proceedings in accordance with the supreme court's instructions, we affirm the judgment of the trial court.

## THE NATURE OF THE CASE

In the original appeal from a divorce proceeding, appellant alleged that the trial court abused its discretion in not filing findings of fact and conclusions of law pursuant to a proper request. Appellant "reserved" for later review three additional points of error in the event that we ordered the trial judge to file the findings. We held that the trial court's refusal to file findings amounted to harmless error because the record supported the disproportionate division of the marital estate. The supreme court agreed but added that the facts surrounding the award of child support necessitated a more strict standard of review. The supreme court remanded the portion of our opinion dealing with the trial

court's failure to file findings to support the child support award. Thereafter, we instructed the trial court to file findings for the child support order and we now review these findings on appeal.

## FACTS

Appellant, Wilbur Tenery, and appellee, Gloria Tenery, married on September 11, 1974. The parties separated on December 31, 1988, and the trial court heard the divorce proceedings in September of 1993. At the time of the divorce, Wilbur and Gloria had two children living at home, a daughter and a son. The daughter, then of majority age, was working and attending college. The son, born April 7, 1977, was not of majority age and also lived with his mother. Gloria requested, and received, conservatorship of the minor child of the marriage in the divorce.

The trial court awarded child support in excess of the guidelines set out in the Family Code. *See* TEX. FAM.CODE § 154.125 (Vernon 1996). At the time of trial, Wilbur's net resources amounted to $980.00 per month. The Family Code would require $196.00 per month in support of one minor child. *See id.* The trial court ordered Wilbur to pay $550.00 per month. Wilbur requested findings of fact explaining the reasons for the division of property and the amount of the child support awarded. The trial court failed to file any findings regarding the divorce. The supreme court held that the "trial court's refusal to abide by the Family Code's child support provisions prevented Wilbur from effectively contesting the trial court's deviation from the guidelines in section 154.125." *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996).[1]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the supreme court's instructions for remand, we instructed the trial court to enter findings of fact and conclusions of law in support of the child support award. We promptly received the findings and con-

---

1. The judgment of the supreme court reversed and remanded that portion of our opinion concerning child support and affirmed the remain-

der of our previous judgment. Wilbur was awarded costs of appeal from the first appeal to this court and the appeal to the supreme court.

clusions and shall proceed with the appeal as if the trial court's error in failing to file the findings had not occurred. *See* TEX.R.APP. P. 81(a) (Vernon Pamph.1997); *Buzbee v. Buzbee,* 870 S.W.2d 335, 336 (Tex.App.—Waco 1994, no writ).

■ Wilbur originally brought four points of error. The first, focusing on the trial court's error in failing to file findings, is now moot. Wilbur reserved the final three points of error for later briefing if we instructed the court to file the findings of fact and conclusions of law. The case was reargued on June 12, 1997, on the original briefs which the parties had filed in 1995. Wilbur thus failed to rebrief his remaining three points of error despite his original indication to do so.[2] Wilbur's failure to support these three points of error with argument, authority, and references to the record constitutes a waiver of each point of error. TEX.R.APP. P. 74; *see Ralston Purina Co. v. McKendrick,* 850 S.W.2d 629 (Tex.App.—San Antonio 1993, writ denied). The issue of sufficiency of the evidence which appellant raised at this second oral argument is waived for the same reason. *Id.*

■ Even if Wilbur properly had preserved these points of error, the findings of fact support the trial court's award of child support. In cases involving child support orders, Texas Family Code section 154.130 applies. In general, after a party makes a proper request, the code requires the trial court to determine the net resources of the obligor, the amount specified by the order, the amount determined through the guidelines, and the specific reasons for varying from the guidelines. TEX. FAM.CODE § 154.130 (Vernon 1996); *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996).

The trial court found that Wilbur's monthly net resources were $980.00, that Gloria's monthly net resources were $736.00, and that the guidelines would allot $196.00 per month in child support. The court's award of $550.00 per month represented 56.12% of Wilbur's then monthly income. The court, however, specifically found that application of child support guidelines in this case would be unjust and inappropriate because:

(a) The divorce was heard in September of 1993. Mr. Tenery became unemployed in May of 1993. Mr. Tenery had been gainfully employed for ten years prior to his unemployment. Mr. Tenery is a skilled diesel mechanic and belongs to the International Union of Operators and Engineers. In addition to his wages, he owns and was awarded a vehicle and equipment capable of producing income $60.00 to $100.00 a day. Mr. Tenery admitted that when there was work he had the ability to make $117,000 per year, and had, in fact, made such amount. Mr. Tenery had received four or five job offers since becoming unemployed.

The Court concludes that the actual income of Mr. Tenery is significantly less than what he could earn. The Court further finds that Mr. Tenery was intentionally unemployed. The Court finds that Mr. Tenery had the clear capability of earning gross income of at least $4,000 per month, which amount would justify the $550.00 per month child support ordered in this case.

(b) The Court finds that the parties had a nineteen year old daughter attending college. She was working and her mother helped her with expenses. Mr. Tenery provided no help with his daughter's college expenses. Mrs. Tenery and her daughter had to share a car so that the daughter could get to college.

(c) In the two years preceding the divorce, Mr. Tenery had the ability to pay transportation and living expenses for his girl friend when she visited him at various job sites.

The trial court met the standard of section 154.130(b) in its findings. The findings illustrate that in the application of the

---

2. Point of error no. 2 states that the trial court clearly abused its discretion in dividing the marital estate. Point of error no. 3 states that the trial court clearly abused its discretion is setting child support. Point of error no. 4 states that the trial court erred in making improper contacts with appellee's counsel. In his prayer for relief, Wilbur requested 60 days following the filing of the trial court's findings and conclusions "to properly present his case to this court by supplemental materials and/or additional briefing, if it becomes necessary."

child support guidelines, the court used Wilbur's approximate earning potential rather than the actual net resources at the time of the order.. The trial court may apply the guidelines to Wilbur's earning potential if his actual income is significantly less than his potential income because of intentional unemployment or under employment. *Id.* at § 154.066; *Roosth v. Roosth,* 889 S.W.2d 445, 454 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Giangrosso v. Crosley,* 840 S.W.2d 765, 770 (Tex.App.—Houston [1st Dist.] 1992, no writ). A parent who is qualified to obtain gainful employment cannot evade his support obligation by voluntarily remaining unemployed or underemployed. *Roosth,* 889 S.W.2d at 454; *Eggemeyer v. Eggemeyer,* 535 S.W.2d 425, 427–28 (Tex.Civ.App.—Austin 1976), *aff'd,* 554 S.W.2d 137 (Tex.1977).

The findings of fact illustrate that the court found Wilbur to be intentionally unemployed and/or underemployed. The record reflects that Wilbur had been unemployed since about the time the divorce proceedings commenced. Wilbur testified that he is capable of earning $117,000.00 per year and has, in fact, done so. The record further illustrates that Wilbur received four or five job offers after becoming unemployed. The court found that Wilbur could potentially earn $4,000 per month. Applying the statutory guidelines to Wilbur's earning potential equates to the award of $550.00 of monthly child support. *See id* at § 154.125. There was no abuse of discretion under these circumstances.

The trial court's judgment on child support is affirmed and the costs of this appeal on remand shall be borne by Wilbur Tenery.