NO. 07-08-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 30, 2008

______________________________

In the Matter of the Marriage of MARY PALACIOS

and JESUS PALACIOS and In the Interest

of LORENA PALACIOS, A Child

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,385; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jesus Palacios (Jesus) appeals from a final judgment divorcing him from Mary Palacios (Mary) and dividing property.  Through three issues, he effectively contends that the trial court’s failure to enter findings of fact and conclusions of law prevents him from assessing the legitimacy of the property division.  We reverse and remand.

 On September 23, 2008, we abated the cause back to the trial court to file findings of fact and conclusions of law pursuant to §6.711 of the Texas Family Code.
(footnote: 1)  The trial court had until October 23, 2008, to file same.  That date has now passed without compliance, and subsequent efforts to secure the findings were unsuccessful.  

The failure of the trial court to file sufficient findings of fact and conclusions of law when properly requested is presumed to be harmful unless the contrary appears on the face of the record.  
Tenery v. Tenery
, 932 S.W.2d 29, 30 (Tex.1996).  From the face of the record before us, we cannot say that the trial court’s omission was harmless.  This is so because we do not know what the trial court considered to be separate property; nor do we know the valuation placed on the property that was subject to the division order.  Thus, 
the appropriate remedy is to reverse and remand the cause for a new trial.  
Tenery v. Tenery
, 932 S.W.2d at 30; 
see Liberty Mut. Fire Ins. v. Laca
, 243 S.W.3d 791, 796 (Tex. App.–El Paso 2007, no pet.).   

Accordingly, we reverse the trial court’s judgment and remand the case for a new trial. 

Brian Quinn

          Chief Justice

FOOTNOTES
1:
Section 6.711 of the Texas Family Code states that (a) In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law concerning: 
(1) the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented; and (2) the value or amount of the community estate's assets, liabilities, claims, and offsets on which disputed evidence has been presented. 
Tex. Fam. Code Ann
.
 §6.711(a) (Vernon 2006).