**Abatement Order filed June 20, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00611-CV
_____

### MICHELLE M. ARRIAGA, Appellant

### V.

### ROBERT A. CARTMILL, TROY CARTMILL AND TRAVIS CARTMILL, Appellees

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCV-167124**

## ABATEMENT ORDER

After a non-jury trial, appellant brings this appeal from a judgment signed April 4, 2012. Appellant timely requested findings of fact and conclusions of law and timely reminded the trial court when the findings and conclusions were overdue. The trial court did not file the requested findings and conclusions. On May 22, 2013, appellant asked this court to order the trial court to find findings of fact and conclusions of law.

When an appellant timely files a request for findings of fact and conclusions of law and a timely notice of past due findings, the trial court's error in failing to file findings of fact and conclusions of law is generally presumed to be harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam), *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Tenery*, 932 S.W.2d at 30.

Appellant avers in her motion that she cannot properly present her issues without the findings and conclusions. In this case, therefore, we cannot say that the record affirmatively discloses no injury. Because the error in this case is remediable, the proper remedy is to abate the appeal and direct the trial court to correct its error. *See* TEX. R. APP. P. 44.4; *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We ORDER the trial court to file findings of fact and conclusions of law on or before **July 10, 2013**. Within ten days after the trial court has filed findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions. The trial court shall file any additional or amended findings that are appropriate within ten days after such a request is filed. The trial court's findings of fact and conclusions of law, and any additional and amended findings or conclusions, shall be included in a supplemental clerk's record to be filed with this court on or before **August 9, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or

the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM