# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00253-CV

**Robert James Henry, Appellant**

**v.**

**Gay Nell Henry, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
## NO. 193,976A, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Robert James Henry appeals the decree of divorce in the underlying bench trial. Among his eight issues is a challenge to the trial court's declining to issue findings of fact and conclusions of law after his timely filed request for them and notice to the court that they were past due. *See* Tex. Fam. Code § 6.711; Tex. R. Civ. P. 296.

The family code provides that when the trial court has rendered judgment dividing the parties' estate in a divorce suit, the court shall make written findings of fact and conclusions of law concerning: (1) the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented; and (2) the value or amount of the community estate's assets, liabilities, claims, and offsets on which disputed evidence has been presented. *See* Tex. Fam. Code § 6.711(a). When a trial court does not comply with a proper and timely request for findings and conclusions, harm is presumed unless the contrary appears on the face of the record. *Tenery*

*v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Id*. (citing predecessor to Tex. R. App. P. 44.1(a)(2)).

Here, Henry contends that the lack of findings and conclusions requires him to guess the basis for the trial court's determination that the property located at 715 E. Downs in Temple, Texas was a community asset, the value the court gave to the parties' personal property, and the factors the court considered in determining a just and right division of the parties' estate.

Having reviewed this record, we conclude findings of fact and conclusions of law are necessary to proper presentation of this appeal. As such, we abate this appeal and remand this cause to the trial court for the entry of necessary findings of fact and conclusions of law concerning the characterization and division of the parties' real and personal property. *See Panchal v. Panchal*, 132 S.W.3d 465, 467 (Tex. App.—Eastland 2003, no pet.) (abating appeal for entry of findings and conclusions on the value of parties' stock portfolio and business, and amount of any reimbursement awarded, which were the only matters addressed by the parties' disputed evidence); *Limbaugh v. Limbaugh*, 71 S.W.3d 1, 7 & n.2 (Tex. App.—Waco 2002, no pet.) (noting that whether property was divided in a just and right manner under the family code is an ultimate and controlling issue in property division upon divorce). A supplemental clerk's record containing the findings and conclusions shall be filed with this Court no later than September 9, 2013. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Justices Puryear, Rose and Goodwin

Abated

Filed:   August 9, 2013

2