**Opinion filed October 3, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00118-CV

_____

## IN THE INTEREST OF Z.Z.C. AND N.B.C., CHILDREN

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. CC2-3139-PC**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of the mother of Z.Z.C. and N.B.C. The mother appeals. We affirm.

*Issues*

The mother presents three issues for review. In her first issue, the mother complains of the trial court's failure to enter findings of fact and conclusions of law. In the second and third issues, the mother asserts that the evidence is legally and factually insufficient to support the finding that termination is in the best interest the children.

*Termination*

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that the mother committed four of the acts listed in Section 161.001(1). The trial court found that the mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that the mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, that the mother had constructively abandoned the children, and that the mother had failed to comply with the provisions of a court order stating the actions necessary for her to obtain the return of the children. *See id.* § 161.001(1)(D), (E), (N), (O). The mother does not challenge the findings made pursuant to Section 161.001(1). Any one of these unchallenged findings was sufficient to support termination as long as termination was shown to be in the children's best

interest. *See id.* § 161.001. The trial court also found that termination was in the children's best interest. *See id.* § 161.001(2).

*Best Interest*

The question before us is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that Z.Z.C. had just turned twelve years old at the time the final trial concluded and that N.B.C. was ten years old. The children were removed from their mother on January 9, 2012, because of abuse and neglect. At the time of removal, the children's father had been dead for several years and the mother was in county jail. She had been arrested for various offenses, including possession of a controlled substance and parent contributing to nonattendance at school. At the time of trial, the mother had been adjudicated guilty of the felony

offense of possession of methamphetamine and was in an SAFP facility. She participated in the trial by phone.

Prior to her arrest, the mother had no stable place to live and was not employed. The mother had a history with the Department of Family and Protective Services, but the previous cases were not pursued because family members intervened to care for the children. According to the investigator, the mother had "never had a stable home" and had "been living from place to place." She often left the children in the care of other people for an extended period of time without contacting the children. They had been moved from place to place during the eight-month period prior to removal. Although the mother received the children's social security survivor's benefits, she did not provide for her children's basic needs. The children were not being fed properly, were dirty, and were having to care for themselves.

The mother also used illegal drugs in the home with the children there. The drugs were in open view and accessible to the children. The mother told the Department's investigator that she had been using methamphetamine daily for about a year. The mother's methamphetamine use stemmed back to at least 2005. In 2005, the mother tested positive for methamphetamine during a previous investigation by the Department.

The children reported to the investigator that their mother's boyfriends were sometimes violent and that the children were "in the middle of it" and did not feel safe. School personnel were also concerned for the physical safety of the children. The children did not want to be returned to their mother, and they were afraid of the people with whom their mother associated. N.B.C. suffered severe anxiety caused by the possibility of having to return to his mother.

The children have been placed with Hayim Cohen and have expressed a desire to stay there. They have thrived in Cohen's care. Cohen wants to adopt the

4

children, and the children want to stay with him. The Department's plan for the children is adoption by Cohen. At the time of the final hearing, Cohen was already making plans to adopt the children. The children's court-appointed special advocate testified that it would be in the children's best interest to remain with Cohen and to have no visitation with the mother. The conservatorship caseworker testified that termination of the mother's parental rights would be in the children's best interest. The record indicates that, in addition to the testimony by witnesses in open court, the trial judge conferred with the children in private.

The mother testified and admitted that she had an extensive history with the Department. She said that she had completed the family based services in 2005. Other testimony reflected that the mother was not cooperative with the Department thereafter and that she did not complete any of the court-ordered services in this case.

The mother's testimony contradicted some of the testimony of the other witnesses. The mother denied that there was any basis for the allegations that were investigated by the Department in the past, and she also denied that any domestic violence had occurred that involved her, her children, or her boyfriends. The mother testified that she occasionally used marihuana around her children but that she never used methamphetamine around them. The mother agreed that she left her children with family members in 2011 because she did not have a place to stay and "was staying in between motels." However, according to the mother, she continued to visit and support her children while they were in the care of others. The mother did not want her rights permanently terminated, and she stated that she would be able to provide for the children when she gets released from SAFP because she had been awarded money from a settlement involving the death of her father.

Based upon the evidence in the record and the *Holley* factors, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence; the trial court could reasonably have formed a firm belief or conviction that it would be in the best interest of both Z.Z.C. and N.B.C. for the mother's parental rights to be terminated. The evidence is both legally and factually sufficient to support the best interest finding. We overrule the mother's second and third issues.

*Lack of Findings of Fact and Conclusions of Law*

In her first issue, the mother argues that the trial court's failure to file findings of fact and conclusions of law prevented her from properly presenting her case on appeal. The record shows that the mother timely requested findings of fact and conclusions of law and timely filed a notice of past due findings and conclusions. *See* TEX. R. CIV. P. 296, 297. The trial court, however, failed to enter any findings or conclusions.

When a trial court fails to enter findings and conclusions upon a proper request, harm is presumed unless the record affirmatively shows that the complaining party suffered no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). The mother asserts that she was harmed because she had "to guess as to what evidence supported the trial court's termination decision." In a termination case such as this, the parent does not have to guess the reasons for the trial court's termination order because they are clearly stated in the order. *In re D.H.*, No. 2-05-179-CV, 2006 WL 133523, at *2 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.). In her brief, the mother states that she "recognizes for purposes of appeal that the evidence was both legally and factually [sufficient] to support the trial court's order of termination" under Section 161.001(1)(O) based upon her failure to comply with the provisions of a court order establishing the actions necessary for her to obtain the return of the children. Furthermore, there is a

complete reporter's record in this case, and the mother was afforded an opportunity to fully brief her challenge to the sufficiency of the evidence to support the trial court's best interest finding. *See id.*; *In re J.I.T.P.*, 99 S.W.3d 841, 848–49 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

The lack of findings and conclusions has not prevented the mother from properly presenting her case on appeal. *See In re C.A.Y.*, No. 04-05-00302-CV, 2006 WL 228714, at \*4 (Tex. App.—San Antonio Feb. 1, 2006, pet. denied) (mem. op.); *In re J.I.T.P.*, 99 S.W.3d at 848–49. As did the courts in *C.A.Y.*, *D.H.*, and *J.I.T.P.*, we hold that the record in this case affirmatively shows that the mother was not harmed by the trial court's failure to file findings of fact and conclusions of law. The mother's first issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.


TERRY McCALL

JUSTICE


October 3, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.