ACCEPTED
14-14-00665-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 12:39:45 PM
CHRISTOPHER PRINE
CLERK

**No. 14-14-00665-CV**

_____

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/4/2015 12:39:45 PM

CHRISTOPHER A. PRINE
Clerk

_____

No. 2013-12988
In the 234th District Court of
Harris County, Texas

_____

**DOV K. AVNI**
*Appellant*,

**v.**

**HARRIS COUNTY APPRAISAL DISTRICT,**
*Appellee*

_____

APPELLEE'S OPPOSITION TO APPELLANT'S MOTION TO VACATE

_____

**TO THE HONORABLE COURT OF APPEALS OF TEXAS:**

COMES NOW THE HARRIS COUNTY APPRAISAL DISTRICT, Appellee, by and through its undersigned counsel, and files this, its Opposition to Appellant's Multi-Prong Motion to Take Judicial Notice of Trial Court Record and Vacate Order Denying Abatement (the "Motion to Vacate") and in support of its Opposition states as follows:

**Overview**

1.      Following his failure to file a brief after multiple extensions of time, appellant now seeks to abate the appeal to request findings of fact and conclusions of law from the trial court. However, any error by the trial court in failing to file findings of fact and conclusions of law in

1

the underlying case is harmless, as it has not prevented Appellant from presenting its case to the Court of Appeals. Appellant's Motion to Vacate should be denied.

**Procedural History**

2.      On April 16, 2015 Appellant filed a Motion to Abate, seeking permission to abate the instant appeal so he could compel the trial court to enter findings of fact.[1] Appellee filed and opposition to that motion and the Court of Appeals entered an order denying the motion.

3.      Appellant next filed the Motion to Vacate presently before the court.

4.      In the underlying case, the trial court issued a final judgment on Wednesday, April 30, 2014. Pursuant to Rule 296 of the Texas Rules of Civil Procedure, appellant had until Thursday, May 20, 2014 to file his request. Appellant filed a timely request for findings of fact and conclusions of law on May 20, 2014.

5.      The trial court did not make any findings of fact or conclusions of law on or before June 9, 2014. Pursuant to Rule 297 of the Texas Rules of Civil Procedure, Appellant had until June 19, 2014 to file his Notice of Past Due Findings of Fact and Conclusions of Law ("Notice").

6.      Appellant filed a letter on June 18, 2014, requesting Past Due Findings of Fact and Conclusions of Law. Appellant therefore made a timely request and complied with Rule 297 of the T.R.C.P. No reference to the June 18, 2014 filing was made in Appellant's prior motion to abate.

7.      The failure to note this filing was an error on the part of the Appellee in its prior opposition. Appellee agrees that Appellant timely requested the Past Due Findings of Fact and Conclusions of Law.

---

[1] Appellant states that this Motion to Abate is opposed. Appellant made no effort to contact Appellee to confer regarding this Motion to Abate prior to filing the motion.

8. However, despite the Appellant's timely filing of both a request and notice of past due findings with the trial court is harmless error, as this error has not prevented Appellant fro properly presenting his case to the court of appeals. *See Graham Central Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014); *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996)("A trial court's failure to make findings is not harmful error if 'the record before the appellate court affirmatively shows that the complaining party suffered no injury.'"), *citing Cherne Indus. V. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989).

9. In his motions for an extension of time to file his brief, Appellant asserts that, in addition to the Clerk's Record, the Reporter's Record includes "ALL exhibits offered and admitted" at the bench trial. Appellant does not explain the significance of findings that the trial court did not make and how they relate to some issue on appeal. There is no indication that Appellant has suffered any harm in presenting his appeal to this court. *See Key Energy Services, LLC. v. Shelby County Appraisal District*, 428 S.W.3d 133, 150 (holding that reversal was not required where appellant did not explain the significance of findings and how they relate to issue on appeal). Appellant's Motion to Vacate should be denied.

WHEREFORE, premises considered, Appellee requests that the honorable Court of Appeals deny Appellant's Motion to Vacate.

Respectfully submitted,

By: /s/ L. Susan Herrera
     L. Susan Herrera
     State Bar No.09530160
     Matthew P. Crouch
     State Bar No. 24072481
     Department of Legal Services
     Harris County Appraisal District
     P. O Box 920975
     Houston, Texas  77292-0975
     Telephone:    (713) 957-7497
     Fax:    (713) 957-5219

sherrera@hcad.org;
mcrouch@hcad.org
ATTORNEYS FOR DEFENDANT,
HARRIS COUNTY APPRAISAL
DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, a true and correct copy of the foregoing Motion to Dismiss was served via:

☐ telecopy
☒ certified mail, return receipt requested
☐ hand delivery

to Dov K. Avni, 150-B Forest Drive, Jericho, NY 11753.

/s/ L. Susan Herrera
L. Susan Herrera

**CERTIFICATE OF COMPLIANCE**

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that the forgoing Appellee's Opposition is a computer-generated document containing 813 words, including textboxes, footnotes, endnotes, headings, and/or quotations. I certify that I am relying upon the word count provided by the computer program that I used in preparing this document.

/s/ L. Susan Herrera
L. Susan Herrera