# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00550-CV

---

**Andrew C. Pore, Appellant**

**v.**

**Cheyenne Ellis, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF RUNNELS COUNTY
### NO. 15,985, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Andrew C. Pore appeals from the trial court's Order in Suit Affecting the Parent-Child Relationship establishing a joint managing conservatorship between him and Cheyenne Ellis regarding their child, M.E. The order grants Ellis the exclusive right to designate the primary residence of the child and to receive and spend child support. Pore contends that the trial court abused its discretion by awarding Ellis primary custody and erred by failing to file requested findings of fact and conclusions of law. We abate this appeal and remand to the trial court to make findings of fact and conclusions of law.

A party may request findings of fact and conclusions of law after a bench trial within twenty days after the judgment is signed. Tex. R. Civ. P. 296; *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). The trial court shall file its findings and conclusions

within twenty days after a timely request; if it does not, the party making the request shall—within thirty days after filing the original request—file a notice of past due findings of fact and conclusions of law. Tex. R. Civ. P. 297. A trial court must file written findings of fact and conclusions of law when timely requested by a party. *Isaac v. Burnside*, 616 S.W.3d 609, 614 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

If, after a party timely files its request for findings and conclusions and timely notifies the trial court of past-due findings and conclusions and the trial court fails to file findings and conclusions, "the court of appeals must presume the trial court made all the findings necessary to support the judgment." *Ad Villarai*, 519 S.W.3d at 135. A party may rebut the presumption by establishing that the evidence does not support the presumed findings that are necessary to support the judgment. *See id.* However, when the facts are disputed, the burden of rebutting all presumed findings may be so heavy that it effectively prevents the appellant from properly presenting its case to the court of appeals. *Id.* In such cases, harm is presumed, unless the record affirmatively shows that the complaining party has suffered no injury, and a reviewing court must abate the appeal and remand the case to the trial court with instructions to file the findings and conclusions. *Id.* at 135-36; *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996).

In this case, the trial court did not file the requested findings and conclusions. The order appealed was signed on September 21, 2020. Pore filed his request for findings of fact and conclusions of law on October 7, 2020—fewer than twenty days after the order. After no findings and conclusions were filed, Pore filed his notice of late findings and conclusions on October 29, 2020—fewer than thirty days after he filed his original request for findings and conclusions.

2

Pore contends that the trial court's failure to file findings and conclusions hindered and prejudiced his ability to prepare his appeal on the merits. When deciding issues of conservatorship and possession of and access to a child, courts' primary consideration is the best interest of the child. Tex. Fam. Code § 153.002. Courts have developed best-interest tests that consider and balance many factors. *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002); *See Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (listing several non-exclusive factors for assessing child's best interest); *Harris v. Texas Dep't of Fam. & Protective Servs.*, 228 S.W.3d 819, 828 (Tex. App.—Austin 2007, no pet.). Accordingly, suits affecting the parent-child relationship are intensely fact-driven. *Lenz*, 79 S.W.3d at 19.

In this case, there are disputed facts regarding some events and the parties' behavior during those events, and the trial court's order does not reveal how it resolved those disputes and assessed and balanced the *Holley* factors that guide the ultimate decisions underlying the trial court's order. On this record, we must presume that the trial court's failure to file the timely requested findings of fact and conclusions of law on these intensely fact-driven inquiries hampered Pore from effectively presenting his appeal to this Court and hinders this Court in reviewing the trial court's decision. *See Ad Villarai*, 519 S.W.3d at 135-36.

As Ellis notes, the proper remedy for this error is abatement of the appeal, not reversal. Tex. R. App. P. 44.4; *Ad Villarai*, 519 S.W.3d at 136. We abate this appeal and remand to the trial court for the sole purpose of supplying the findings of fact and conclusions of law underlying its Order Affecting the Parent-Child Relationship. The trial court shall issue its written findings of fact and conclusions of law and ensure that the trial court clerk's office files with this Court's clerk a supplemental clerk's record containing those findings and conclusions on or before August 5, 2021.

This appeal will be reinstated upon the filing of the supplemental clerk's record containing the findings and conclusions. Pore shall have twenty-one days from the filing of the supplemental record to file and serve his supplemental appellant's brief, and Ellis shall have twenty-one days from the filing of Pore's supplemental appellant's brief to file and serve her supplemental appellee's brief.

It is so ordered July 15, 2021.

Before Chief Justice Byrne, Justices Baker and Smith

Abated and Remanded

Filed: July 15, 2021