

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00257-CV
### No. 10-19-00390-CV

**KAYE ALEXANDER PATE,**

**Appellant**

**v.**

**CAROLYN ALEXANDER BALLARD,**

**Appellee**

### From the 77th District Court
### Freestone County, Texas
### Trial Court No. CV18043

## O P I N I O N

Carolyn Ballard filed suit against Kaye Pate for a partition of personal and real property and for a partition of settlement proceeds that Pate received in a lawsuit concerning the real property. The trial court granted partial summary judgment dismissing Pate's statute of limitations defense as to the personal property items. After a bench trial on the remaining issue, the trial court granted judgment in favor of Ballard. Pate appeals from that judgment, signed on May 8, 2019, in Cause No. 10-19-00257-CV.

On October 22, 2019, the trial court entered an order approving the sale of a 95.2 acre tract that was held by the appointed receiver, and Pate appeals from that order in Cause No. 10-19-00390-CV. We affirm the trial court's May 8, 2019 Judgment and October 22, 2019 Order.

## BACKGROUND FACTS

Ballard and Pate are sisters. Their father, R.V. Alexander, died on May 25, 1999, leaving them real and personal property. The real property consists of 3 tracts: a 5.6 acre tract, a 95.2 acre tract, and a 153 acre tract. Pate has been in possession of much of the personal property in dispute, consisting mainly of guns, knives, and some equipment, since 2001. At some point, the sisters attempted to conduct a drawing to divide the personal property, but that was unsuccessful. Pate filed a lawsuit in 2010 against a third party for damages when an adjacent landowner cut down some trees and fences on one of the tracts of property owned by Ballard and Pate. Ballard did not join in the lawsuit. Pate received a $30,000 settlement from that lawsuit.

On February 2, 2018, Ballard filed suit against Pate seeking a partition of the real and personal property and also to partition the settlement proceeds that Pate received in the 2010 lawsuit concerning the real property. Pate answered asserting the affirmative defense of statute of limitations. Ballard filed a motion for partial summary judgment arguing that Pate could not raise a genuine issue of material fact on the defense. The trial court granted Ballard's motion for partial summary judgment in part. The trial court found that there was no genuine issue of material fact on Pate's limitations defense as to the real and personal property. The trial court found that the real and personal properties

were subject to partition. The trial court found that there was a genuine issue of material fact regarding Pate's limitations defense as to the settlement proceeds from the 2010 lawsuit. The trial court granted the motion for partial summary judgment and ordered the real properties and personal properties owned by R.V. Alexander to be partitioned. The trial court further denied the motion for partial summary judgment as to the settlement damages recovered in the 2010 lawsuit and ordered that issue to proceed to trial.

After a bench trial, the trial court signed a judgment on May 8, 2019, that appointed a receiver to sell the 5.6 acre tract and the 95.2 acre tract. The trial court ordered that from the sale of the two tracts, $25,000 shall be paid into the registry of the court to be held as a reserve to pay for the partition of the 153 acre tract. The trial court further ordered that $12,213.57 be deducted from Pate's sale proceeds from either of the two tracts and paid to Ballard as equalization of property for the settlement proceeds from the 2010 lawsuit. The trial court ordered that any remaining balance from the $25,000 reserve payment paid into the court's registry be split evenly between Ballard and Pate. The trial court appointed commissioners to partition the 153 acre tract. The trial court's judgment also divided and partitioned the disputed personal property from the estate of R.V. Alexander.

On October 22, 2019, the trial court signed an order approving the sale of the 95.2 acre tract.[1] The 95.2 acre tract sold for $309,400. The trial court ordered that $12,213.57 be deducted from Pate's proceeds.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In both Cause No. 10-19-00257-CV and Cause No. 10-19-00390-CV, Pate argues in her first issue that the trial court's failure to file required findings of fact and conclusions of law warrants relief. There is no dispute that the trial court failed to make findings of fact and conclusions of law though they were timely requested by Pate. A trial court's failure to file findings in response to a timely and proper request is presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). The purpose of requesting findings of fact and conclusions of law is to narrow the judgment's bases and thereby reduce the number of contentions the appellant must make on appeal. *Guillory v. Dietrich*, 598 S.W.3d 284, 290 (Tex. App. — Dallas, 2020, pet. den'd). Error in failing to make findings is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Tenery v. Tenery*, 932 S.W.2d 29 (Tex. 1996).

Pate asserted the affirmative defense of limitations. Ballard filed a motion for partial summary judgment arguing that Pate failed to plead and prove her defense of limitations. The parties consistently argued throughout the proceedings whether Pate

---

[1] The trial court approved the sale of the 5.6 acre tract, but Pate does not appeal from that sale.

proved her defense of limitations. The trial court found that the was no genuine issue of material of fact as to the limitations defense on the partition of the real and personal property. After a bench trial, the trial court found that Pate did not establish the limitations defense as to the 2010 lawsuit settlement proceeds. Pate was not left to guess at the reasons for the trial court's ruling. *See Beard v. Beard*, 49 S.W.3d 40, 52 (Tex. App. — 2001, pet. den'd). Pate was not prevented from properly presenting her case on appeal. We find that the record demonstrates the absence of harm in the trial court's failure to make findings of fact and conclusions of law. We overrule the first issue in both Cause No. 10-19-257-CV and Cause No. 10-19-00390-CV.

### STATUTE OF LIMITATIONS

In her second issue, in both Cause No. 10-19-00257-CV and Cause No. 10-19-00390-CV, Pate argues that the statute of limitations bars Ballard's recovery on her claims. Pate contends that Ballard was required to bring her claim for conversion of personal property within two years of demand and refusal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (a) (West). Pate asserts that she and Ballard conducted a drawing for the personal property in 2001, but Ballard disputes that a drawing occurred in 2001. Pate argues that notwithstanding the disagreement over the 2001 drawing, Ballard demanded return of the personal property in 2007, 2014, and 2015, and on each occasion, Pate refused to return the property. Pate maintains that at the latest the limitation period began to run in 2015,

and Ballard did not bring suit until February 2018, more than two years after the 2015 refusal.

Ballard's petition asks the trial court to partition the real and personal property. A joint owner or claimant of real property or an interest in real property or a joint owner of personal property may compel a partition of the interest or the property among the joint owners or claimants under the Property Code and the Texas Rules of Civil Procedure. TEX. PROP. CODE ANN. § 23.001. Ballard continuously referred to the suit as one for partition. Although Pate seeks to characterize it as a suit for conversion, we find that the suit was for partition. There is no statute of limitations on partition. *Trevino v. Trevino*, 64 S.W.3d 166, 174 (Tex. App. — San Antonio 2001, no pet.). Therefore, Ballard's claims for the partition of personal property are not barred by the statute of limitations.

Pate also argues that limitations bars the recovery of the settlement proceeds. There is no dispute that Ballard and Pate were joint owners of the real property at the time of the 2010 lawsuit. In her petition, Ballard sought to partition the proceeds from the 2010 lawsuit and asked the trial court to consider ordering her a greater portion of the property or proceeds in determining the just and equitable division of the property. Because Ballard seeks to partition the proceeds from the 2010 lawsuit, her claims are not barred by limitations. *Id*. We overrule the second issue in both Cause No. 10-19-00257-CV and Cause No. 10-19-00390-CV.

Because we find that Ballard's claims are for partition of personal property and there is no statute of limitations for partition, we further find that the trial court did not err in granting Ballard's motion for partial summary judgment dismissing Pate's limitations defense. We overrule the third issue in Cause No. 10-19-00257-CV.

## CONCLUSION

We affirm the trial court's May 8, 2019 Judgment in Cause No. 10-19-00257-CV.

We affirm the trial court's October 22, 2019 Order in Cause No. 10-19-00390-CV.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed October 6, 2021
[CV06]

