# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00530-CV

---

**Appellant, Bryan Miller// Cross-Appellant, Claudia Miller**

**v.**

**Appellee, Claudia Miller// Cross-Appellee, Bryan Miller**

---

**FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-FM-21-001119, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant and cross-appellee Bryan Miller challenges the trial court's corrected final decree of divorce, signed on September 13, 2023.[1] Bryan has filed a motion requesting that we abate the appeal for entry of findings of fact and conclusions of law that were not issued by the trial court after he requested them and gave notice that they were past due. *See* Tex. R. Civ. P. 296; *id.* R. 297. Bryan certified that he tried but was unable to confer with Claudia's attorney about the motion. Although more than ten days have passed since Bryan filed his motion, Claudia has not filed a response.

The family code provides that, upon timely request, the trial court shall make written findings of fact and conclusions of law when the trial court has rendered judgment

---

[1] Because the parties share the same last name, for clarity, we will refer to the parties by their first names.

dividing the parties' estate in a divorce suit, when the court varies from the standard possession order, and when the court renders a child-support order. *See* Tex. Fam. Code §§ 6.711, 153.258, 154.130. When the trial court fails to make fact findings and conclusions of law after a party has complied with the rules in making a request, the error is presumed harmful. *Martinez v. Martinez*, No. 03-16-00818-CV, 2017 WL 3897309, at *1 (Tex. App.—Austin Aug. 25, 2017, no pet.) (mem. op.) (per curiam) (abatement) (citing, in part, *Tenery v. Tenery*, 932 S.W.2d 29, 29 (Tex. 1996)). Error is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Id.* (citing *Tenery*, 932 S.W.2d at 30); *see also* Tex. R. App. P. 44.1(a)(2). In light of the presumption, and from the record before us, we conclude that Bryan will be harmed from the trial court's failure to issue findings of fact and conclusions of law and that such findings and conclusions are necessary for a proper presentation of his appeal.

Accordingly, we grant Bryan's motion, abate this appeal, and remand this cause to the trial court for the entry of the necessary findings. A supplemental record containing the findings and conclusions shall be filed with this Court thirty days from the date of this order. This appeal will be reinstated after the supplemental clerk's record is filed.

It is ordered on November 10, 2023.


Before Chief Justice Byrne, Justices Kelly and Theofanis

Abated and Remanded

Filed: November 10, 2023