

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00260-CV

Rene Omar **GUTIERREZ**, Jr.,
Appellant

v.

Priscilla **GUTIERREZ**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-22264
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: June 24, 2026

ABATED AND REMANDED

Appellant, Rene Omar Gutierrez, Jr. ("Rene"), appeals from the trial court's divorce decree dissolving his marriage to Appellee, Priscilla Gutierrez ("Priscilla").[1] Because the amount of child support ordered varies from the amount computed by applying the statutory guidelines, and

---

[1] Because the parties share a surname, we refer to them by their given names for ease of reference. We refer to the minor children of the marriage by their initials to protect their identities. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.9(a)(3).

because the trial court failed to make the findings required by section 154.130 of the Texas Family Code, we abate the appeal and remand the cause to the trial court for the entry of findings pursuant to section 154.130 of the Family Code. *See* TEX. FAM. CODE ANN. § 154.130(a)(3), (b). We do not address the remaining issues raised in Rene's brief at this time.

## BACKGROUND

Rene and Priscilla were married in 2017, and their children, De.R.G. and Di.R.G., were born in 2019. In 2022, Rene filed his original petition for divorce, alleging adultery and cruelty as grounds for divorce. Priscilla filed a counterpetition. In October 2024, the trial court held a one-day bench trial and later signed a final divorce decree.

At trial, Rene testified he manages an equipment rental company, earns $22.50 per hour, and works forty hours per week. Rene also testified that he lives approximately forty miles from the children's school, resides on a seven-acre waterfront ranch provided by his parents, and receives free transportation from his parents. Rene further testified that, although allowed under temporary orders, he does not exercise his Thursday visitation rights with his children. Rene testified that he works for a contractor managing construction rental equipment.

Priscilla testified that she continues to reside with the children in the marital residence. According to Priscilla, the residence remains partially unfinished, with a large hole in the roof and incomplete electrical work. Priscilla also testified that she personally paid to replace the air-conditioning unit and boiler.

Priscilla testified that De.R.G. has been diagnosed with autism and anxiety, needs assistance with toileting, and engages in stimming behaviors. De.R.G. requires regular therapy and doctor's appointments and receives daily behavioral therapy. Priscilla testified that De.R.G. responds negatively to disruptions in routine and has been expelled from multiple daycare facilities

because of behavioral issues. She further testified that she frequently must leave work to pick up De.R.G. from school or daycare, which limits her employment opportunities.

Priscilla further testified that she earns approximately $20 per hour and works roughly twenty hours per week as a registered dental assistant. She testified that she manages the children's healthcare, therapy, dental appointments, transportation, and daily care responsibilities. Priscilla also testified that she pays $250 per month for the children's daycare and transports De.R.G. daily to his therapy and to school. The school transports De.R.G. to daycare at the end of the school day, and Priscilla picks him up from daycare at the end of the day.

After hearing the evidence, the trial court signed a final decree of divorce several months after trial. The decree orders Rene to pay $1,417.23 per month in child support. The decree also awards Priscilla the marital residence, assigns Rene the tax debt owed on the marital residence, and assigns Priscilla responsibility for future taxes on the marital residence. The decree awards Priscilla half of Rene's retirement account in the amount of $6,121.00, and it awards Rene all vehicles, equipment, and a dirt bike.

Rene timely filed this appeal. In his first issue, Rene challenges the trial court's child support determination, and, in his second and third issues, he challenges the division of the marital estate. We address only the child support issue at this time and determine that we must remand the case for necessary findings. Upon reinstatement, we will address Rene's remaining issues.

## DISCUSSION

Rene argues the trial court erred in setting child support in excess of the statutory guidelines. "The trial court has discretion to set child support within the parameters provided by the Family Code." *Aguilera v. Aguilera*, No. 04-13-00034-CV, 2014 WL 769445, at *2 (Tex. App.—San Antonio Feb. 26, 2014, no pet.) (per curiam) (mem. op.) (citing *Iliff v. Iliff*, 339 S.W.3d 74, 78

(Tex. 2011)). The code includes guidelines for the calculation of child support based upon a percentage of the obligor's monthly net resources. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); TEX. FAM. CODE ANN. §§ 154.125, .129. "Monthly net resources" includes all wage and salary income, interest, dividends, self-employment income, net rental income, and "all other income actually being received." TEX. FAM. CODE ANN. § 154.062(b). A trial court is not required to accept an obligor's testimony of income and monthly net resources as true, and a trial court may calculate monthly net resources on "imprecise information." *Kinney v. Batten*, No. 01-21-00394-CV, 2023 WL 2316354, at *11 (Tex. App.—Houston [1st Dist.] Mar. 2, 2023, pet. denied) (mem. op.) (citations omitted). Moreover, if the obligor's actual income is significantly less than what the obligor could earn because of intentional unemployment or underemployment, a trial court may apply the support guidelines to the obligor's earning potential. TEX. FAM. CODE ANN. § 154.066(a); *Iliff,* 339 S.W.3d at 83. If the court makes such a finding and lacks evidence of the obligor's resources, it "shall consider relevant background circumstances regarding the obligor, including . . . the obligor's residence." TEX. FAM. CODE ANN. § 154.0655(c)(1)(B).

Additionally, the trial court may order child support in an amount other than the guideline amount if the evidence rebuts the presumption that the guideline amount is in the child's best interest and if the trial court justifies a variance from the guidelines. TEX. FAM. CODE ANN. § 154.123(a); *see id.* § 154.122 (providing as a rebuttable presumption that the guideline amount is reasonable). In determining whether application of the guidelines would be unjust or inappropriate under the circumstances, the trial court may consider all relevant factors, including the child's needs, the parents' ability to contribute, financial resources available for the child's support, childcare expenses, employer-provided benefits, special or extraordinary health-care or

educational expenses, debts assumed by either party, and any other reason consistent with the child's best interest. *Id*. § 154.123(b).

However, Texas Family Code section 154.130(a) requires that, "the court shall make the findings required by Subsection (b) if: . . . the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable." *Id*. § 154.130(a)(3). Subsection (b) provides:

> If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:
>
> "(1) the net resources of the obligor per month are $_____;
>
> "(2) the net resources of the obligee per month are $_____;
>
> "(3) the percentage applied to the obligor's net resources for child support is _____%; and
>
> "(4) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.

*Id*. § 154.130(b).[2] These findings are mandatory, and the failure to make them when required constitutes reversible error. *Aguilera*, 2014 WL 769445, at *2; *see also Tenery,* 932 S.W.2d at 30; *In re K.L.R.,* 162 S.W.3d 291, 310 (Tex. App. —Tyler 2005, no pet.). The omission is harmful when the appellant is forced to guess the reasons for the trial court's ruling. *In re D.G.R., III*, No. 04-05-00439-CV, 2006 WL 1684677, at *1 (Tex. App.—San Antonio June 21, 2006, no pet.) (mem. op.); *see also Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (no request is necessary to trigger the trial court's obligation under section 154.130(a)(3)).

---

[2] Subsection 154.130(c) provides that findings under Subsection (b)(2) are required only if evidence of the monthly net resources of the obligee has been offered. TEX. FAM. CODE ANN. § 154.130(c).

Here, the divorce decree does not include the findings required by section 154.130(b), even though the decree acknowledges a variance between the amount of child support ordered and the amount calculated by applying the percentage guidelines. *See* TEX. FAM. CODE ANN. § 154.130(a)(3), (b). The divorce decree includes the following findings:

Guideline child support of $1017.23 was established on April 1, 2023.

Rene Omar Gutierrez works for his parents.

Rene Omar Gutierrez submits that guideline child support as of today is $884.

The court finds that Rene Omar Gutierrez is underemployed and there is cause and it is in the children's best interest to issue above guideline support.

The decree orders that Rene pay monthly child support of $1417.23.

Missing from the decree is a statement regarding "whether the application of the guidelines would be unjust or inappropriate," findings on Priscilla's monthly net resources, and findings on Rene's monthly net resources, the percentage applied to Rene's monthly net resources, and the "specific reasons" for the variance from the percentage guidelines. *See* TEX. FAM. CODE ANN. § 154.130(b). Instead, the divorce decree only suggests that $1017.23 and $884 could be potential guideline amounts, but it is unclear how these amounts were derived. Although the trial court includes a finding that Rene was underemployed, we cannot discern from the trial court's findings what amount the trial court determined to be Rene's earning potential and what percentage was applied to that amount to calculate child support under the percentage guidelines. *See id.* §§ 154.066, .130(a)(3). Additionally, the trial court found cause to support an above-guideline amount in the children's best interest. This additional finding suggests that the trial court determined that the guideline amount was not in the children's best interest, even when calculated based on Rene's earning potential. *See* TEX. FAM. CODE ANN. §§ 154.123(a), .130(a)(3). While a variance could be allowed, section 154.130 requires the trial court to state the "specific reasons" for the variance.

TEX. FAM. CODE ANN. § 154.130(b); *see Aguilera*, 2014 WL 769445, at \*2; *In re D.G.R., III*, 2006 WL 1684677, at \*1.

"The purposes of the factfinding requirement [of section 154.130] are to assist the obligor in challenging the trial court's order and to enable the appellate court to conduct a meaningful review." *In re Gonzalez*, 993 S.W.2d 147, 155 (Tex. App.—San Antonio 1999, no pet.). An omission of findings is harmful if an appellant "must guess the reason or reasons the trial court ruled against him." *In re D.G.R., III*, 2006 WL 1684677, at \*1. The omissions here are harmful because Rene must guess the reasons the trial court ordered child support of $1,417.23 per month. Before trial began, Rene's counsel asserted a guideline amount of $884.[3] Priscilla's counsel asserted: "I believe his guideline child support is $1,100." Based upon the trial court's findings of intentional underemployment and the existence of "cause . . . in the children's best interest to issue above guideline support," it is unclear how much of the $1,417.23 ordered is attributable to a calculation based on earning potential, rather than actual income, and how much is attributable to a variance under the section 154.123 factors. *See* TEX. FAM. CODE ANN. § 154.066 (allowing for calculation of guideline amount based on earning potential); *id.* § 154.123(b) (listing non-exhaustive factors that could support a variance from the guideline amount). Moreover, we are hampered in our review as to whether there is a legally and factually sufficient basis for the trial court's finding of intentional underemployment because we do not have a finding of Rene's earning potential. *Cf. Iliff*, 339 S.W.3d at 82 ("To facilitate appellate review and to encourage consistency in the exercise of this discretion across the state, the trial court must make a finding of intentional unemployment or underemployment and its decision to base child support on earnings potential rather than actual earnings must be supported by the record."). *Compare id.*, 339

---

[3] Rene's counsel asserted: "So he is making $22.50 an hour, and it's [$]884 after we take out his cost of health insurance for the children."

S.W.3d at 83 (affirming order for child support based on father's earning potential of $5,000 per month where evidence supported finding that father was intentionally underemployed) *with Trumbull v. Trumbull*, 397 S.W.3d 317, 320–21 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (reversing order for child support based on earning potential of $60,000 per year where the record was devoid of evidentiary basis for implied finding of intentional underemployment).

In short, because the amount of child support ordered by the divorce decree deviates from the amount computed by applying the percentage guidelines, the trial court erred in failing to make the findings required by section 154.130(b). *See* TEX. FAM. CODE ANN. § 154.130(a), (b); *Aguilera*, 2014 WL 769445, at *2; *Tenery*, 932 S.W.2d at 30; *In re D.G.R., III*, 2006 WL 1684677, at *2. Because Rene must guess the reasons for the amount ordered, error is harmful. *See Aguilera*, 2014 WL 769445, at *2; *In re D.G.R., III*, 2006 WL 1684677, at *1; *contra In re Q.D.S.*, No. 04-17-00105-CV, 2018 WL 1831686, at *8–9 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.) (holding failure to make findings was harmless error because father was not forced to guess trial court's basis for child support award where record established amount was based upon income stated by father in apartment application).[4] Therefore, in accordance with our precedent, the appeal is abated, and the cause is remanded to the trial court with instructions to enter findings pursuant to section 154.130(b) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.130(b); TEX. R. APP. P. 44.1(a)(2); *Aguilera*, 2014 WL 769445, at *2 (abating with instructions to enter findings pursuant to section 154.130(b)); *see also Martinez v. Martinez*, No. 03-16-00818-CV, 2017 WL 3897309, at *1 (Tex. App.—Austin Aug. 25, 2017, order) (per curiam), disp. on merits,

---

[4] The clerk's record in this appeal includes judge's notes. However, these notes do not include the necessary section 154.130(b) findings, and, even if they had, we could not consider them. *See In re A.W.M.*, No. 04-20-00535-CV, 2021 WL 3516677, at *3 (Tex. App.—San Antonio Aug. 11, 2021, no pet.) (mem. op.) (rejecting argument that failure to file findings was harmless where record included judge's notes allegedly detailing findings because "[a] judge's handwritten notes are for his or her own convenience and form no part of the record." (citation omitted)).

No. 03-16-00818-CV, 2017WL 4766619, at *1 (Tex. App.—Austin Oct. 18, 2017, no pet.) (mem. op.) (granting motion to abate and remanding for entry of section 154.130(b) findings).

Irene Rios, Justice